IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| GIBSON O. IHE, | ) CASE NO. 14-33382-H3-13 |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Nunc Pro Tunc Application to Employ Ryan B. Bormaster and Jason Itkin as Special Litigation Counsel, Pursuant to 11 U.S.C. §328(a)" (Docket No. 10). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the application. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Gibson O. Ihe ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 17, 2014. Debtor is represented in the Chapter 13 case by E. Rhett Buck.

On June 20, 2014, Debtor, through proposed special litigation counsel Ryan B. Bormaster, filed the instant application to employ. In the instant application, Debtor seeks to employ Bormaster, of the firm of RB Bormaster & Associates,

PC, and Jason Itkin, of Arnold & Itkin, LLP, as Debtor's counsel in state court litigation regarding a personal injury he alleges was sustained in an automobile collision.  (Docket No. 10).

At the evidentiary hearing on the instant application, Bormaster presented a proposed contract between "Estate of Gibson O. Ihe" and Bormaster's firm.[1]  The proposed contract calls for Bormaster's firm to obtain a contingent fee ranging in amount from 33.33 percent to 40 percent of the total proceeds collected. The proposed contract also provides in pertinent part:

> ASSOCIATION:  The Client understands that this Firm has associated with Jason Itkin of Arnold & Itkin, LLP in the representation of this matter.  Pursuant to the State Bar Rules, both Firms will be representing Client in this matter and will be responsible for the prosecution of Client's Case.  Ryan B. Bormaster and Jason Itkin shall both be the primary Attorneys assigned to this Case and these Firms have agreed to a specific split amongst themselves of any Attorneys Fees approved by the Bankruptcy Court.  For disclosure purposes, it has been agreed that, in the event the Bankruptcy Court approves the full fee interest in this Contract, then RB Bormaster shall retain credit for the first $80,000 in Attoney's [sic] Fees approved and that all remaining Fees shall be split on a 50/50 basis.  In the event that the Bankruptcy Court does not approve the full fee interest in this Contract the Firms agree to lower the credit given to RB Bormaster in a percentage equal to the reduction in the Contingent Fee (from the 40% represented in this Contract) to the percentage ultimately approved by the Court.
> Client also understands that Ryan B. Bormaster, when this representation began, was originally an employee of the Firm of D. Miller & Associates, PLLC.  Mr. Bormaster retained this case for RB Bormaster & Assocaites [sic] P.C. with the agreement between his

---

[1] Bormaster stated that the estate he intended to identify was the bankruptcy estate.

>new Firm and D. Miller that RB Bormaster would share it's [sic] portion of the fees retained with D. Miller pursuant to Mr. Bormasters's original Employment Agreement with D. Miller & Associats, [sic] PLLC.

(Applicant's Exhibit A).

The Chapter 13 Trustee does not oppose the instant application.

<u>Conclusions of Law</u>

Section 504 of the Bankruptcy Code provides in pertinent part:

>Sec. 504. Sharing of compensation
>
>(a) Except as provided in subsection (b) of this section, a person receiving compensation or reimbursement under section 503(b)(2) or 503(b)(4) of this title may not share or agree to share -
>
>>(1) any such compensation or reimbursement with another person; or
>>(2) any compensation or reimbursement received by another person under such sections.
>
>(b)(1) A member, partner, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate in such association, corporation, or partnership, and may share in any compensation or reimbursement received under such sections by another member, partner, or regular associate in such association, corporation, or partnership.

11 U.S.C. § 504.

Courts interpret the Section 504(b)(1) exception to the general rule prohibiting fee sharing in Section 504(a) very narrowly, and only apply it to fee sharing between attorneys that

are members of the same law firm.  <u>In re Bradley</u>, 495 B.R. 747 (Bankr. S.D. Tex. 2013), citing <u>In re Ferguson</u>, 445 B.R. 744 (Bankr. N.D. Tex. 2011).

In the instant case, the fee sharing provisions in the contract violate Section 504(a).  The exception in Section 504(b)(1) does not apply.  The court concludes that the instant application should be denied.

Based on the foregoing, a separate Judgment will be entered denying the "Nunc Pro Tunc Application to Employ Ryan B. Bormaster and Jason Itkin as Special Litigation Counsel, Pursuant to 11 U.S.C. §328(a)" (Docket No. 10).

Signed at Houston, Texas on August 18, 2014.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE